## Smith's Transfer Corporation, Appellant, *v.* Voice of Teamsters Democratic Organizing Committee.

Argued September 25, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Robert H. Kleeb,* with him *E. Jackson Bonney,* and *Morgan, Lewis & Bockius,* for appellant.

*James F. Doherty,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 13, 1962:

The plaintiff in this action in equity is a Virginia corporation operating a trucking terminal in the City of Philadelphia. On all dates relevant, a valid collective bargaining contract existed between the plaintiff, as employer, and the Teamsters Union, Local No. 107, the authorized bargaining agent for its employees.

On August 13, 1962, several employees reported off from work, for the admitted purpose of engaging in picketing another employer.[1] As a result, plaintiff's management, considering disciplinary action for what it thought was an unwarranted absence from the job, withdrew the work cards of these employees from the time rack and refused them permission to return to work the following day. (The final decision as to the extent of the punishment was as yet not reached.) In protest and retaliation, these employees joined by other individuals in substantial numbers began picketing at the gates of the trucking terminal causing a work-stoppage. Serious violence and a breach of the peace ensued, which required police action to control. The plaintiff instituted this action seeking injunctive relief against the unlawful picketing. After hearing, the chancellor in the court below properly enjoined the picketing, but in addition and of his own motion, also directed that the plaintiff immediately reinstate the employees involved to full employment.[2] From the latter portion of the decree, plaintiff filed this appeal. It is well taken.

The court below was without jurisdiction to enter that portion of the order complained of. The merits of the dispute involved as to whether or not these employees may be disciplined by the employer is a matter within the *exclusive legal jurisdiction* of the

---

[1] These individuals are members of Local No. 107 of the Teamsters Union but are affiliated with the Voice of the Teamsters Democratic Organizing Committee, which actively seeks to represent the employees of the plaintiff and other employers for collective bargaining purposes. The "Voice" represents a group within the union local, who are in opposition to the present officials thereof and the manner in which it is operated.

[2] The court below concluded that the employer was unfairly discriminatory against the employees for lawful activities and, therefore, did not come into equity with clean hands.

National Labor Relations Board. If acts or practices complained of are "arguably" within or may reasonably be deemed to come within the scope and protection of the so-called Taft-Hartley Act of 1947, c. 120, 61 Stat. 136, 29 U.S.C.A. 151 et seq., as amended, state courts must decline and yield jurisdiction in deference to the tribunal, which Congress has selected for the determination of such issues in the first instance. See, *Terrizzi Beverage Co. v. Local Union No. 830,* 408 Pa. 380, 184 A. 2d 243 (1962), and authorities cited therein. That the dispute involved herein is within the scope and protection of this federal statute is to us patently clear. If the plaintiff, as employer, is guilty of a discriminatory or unfair labor practice against these employees, it is for the National Labor Relations Board in the first instance to determine and so say. At this point, this question is beyond the pale of the jurisdiction of the state courts.

If the plaintiff-employer sought equitable relief without obedience to the maxim that he who comes into equity must do so with clean hands, the chancellor should have denied the relief prayed for. He had no legal authority to adjudicate additional matters which were beyond his jurisdiction.

The case of *Sley System Garages v. Transport Workers Union of America,* 406 Pa. 370, 178 A. 2d 560 (1962), is clearly inapposite and must be restricted to its own peculiar facts.

Decree as modified is affirmed. Costs to be paid by the appellees.