Great Leopard Market Corp., Inc. *v.* Amalgamated Meat Cutters and Butcher Workmen of North America, Appellant.

144

Argued March 19, 1963. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Richard H. Markowitz*, with him *Richard Kirschner, Louis H. Wilderman*, and *Wilderman, Markowitz & Kirschner*, for appellant.

*Garland D. Cherry*, with him *Kassab, Cherry and Curran*, for appellees.

Opinion by Mr. Justice O'Brien, January 7, 1964:

The plaintiffs-appellees, the Great Leopard Market Corp., Inc., d/b/a King Jack's Foodarama, Big C Shopping Center, Inc., and Burt's Pennsylvania, Inc. are business corporations organized under the laws and statutes of the Commonwealth of Pennsylvania with offices in Chester, Delaware County, Pennsylvania.

The defendant-appellant is the Amalgamated Meat Cutters and Butcher Workmen of North America, Local 196, an unincorporated association, organized and operating as a labor union with offices in Philadelphia, Pennsylvania.

A dispute arose as to the right of the King Jack's Foodarama to bargain collectively with the defendant.

On December 18, 1962 the defendant filed charges of unfair labor practices against King Jack's Foodarama in the Philadelphia Regional Office of the National Labor Relations Board.

On December 28, 1962 approximately seven of King Jack's Foodarama's fifty employees went on strike and began picketing the Foodarama place of business. The Foodarama is located in a shopping center which fronts on a parking lot. There is only one entrance to the parking lot and this is through a four lane wide driveway. Burt's Pennsylvania, Inc. also fronts on the parking lot with the one driveway entrance. Big C Shopping Center, Inc., is the owner of the building in which the two stores are located. Only Foodarama was engaged in the labor dispute. Burt's and Big C Shopping Center were not parties to any labor trouble. The pickets placed themselves in this driveway and thus impeded the flow of business into the shopping center. Some vehicles turned away and did not enter. The strikers also set up picketing in the front and rear of Foodarama and pickets were placed at a footbridge connecting a municipal parking lot with plaintiff's property.

The plaintiffs then filed a petition seeking a preliminary injunction to compel the defendants to cease picketing. On the 7th day of January, 1963, the Court of Common Pleas of Delaware County, sitting in equity, granted an injunction upon findings of violence and unlawful picketing and enjoined all picketing by the defendants.

The court found[1] from the evidence, inter alia, that the picketing was done in such a manner that the pickets blocked cars from entering the driveway leading to the joint parking lot and made threats and committed acts of violence on various employees of Great Leopard

---

[1] Opinion filed pursuant to Supreme Court Rule 63.

Market. A picketing employee threatened to split open the head of another employee if he reported for work.

The appellant contends that a state court does not have jurisdiction to issue an injunction against a labor organization's picketing of premises occupied by several employers subject to the jurisdiction of the National Labor Relations Board, and the injunction limiting all picketing—not just limited to violation of law— is improper. The National Labor Relations Board, in the Advisory Opinion, Case No. AO-49, states that this dispute of unfair labor practices is properly before the Board under the provisions of the National Labor Relations Act, as amended, 29 U.S.C. 151 et seq.

The appellant is correct to the extent that the state courts may not decide questions of unfair labor practices when the issues are "arguably" within the scope of the jurisdiction of the National Labor Relations Board. The law is clear that the National Labor Relations Board has with certain exceptions exclusive jurisdiction under such circumstances. This is true, even though the acts complained of unquestionably violate the state statutory labor law. See *Garner v. Teamsters, C. & H. Local Union, 776,* 373 Pa. 19. 94 A. 2d 893 (1953), aff'd 346 U.S. 485; *San Diego Building Trades Council v. Garmon,* 359 U.S. 236 (1959); *Marine Engineers Beneficial Association v. Interlake Steamship Company,* 370 U.S. 173 (1962); *Terrizzi Bev. Co. v. Local Union No. 830,* 408 Pa. 380, 184 A. 2d 243 (1962); *Local 100, etc. v. Borden,* 373 U.S. 690 (1963); *Local No. 207, etc. v. Perko,* 373 U.S. 701 (1963). But see *Retail Clerks v. Schermerhorn,* 32 L.W. 4018 (December 2, 1963).

However, state courts retain jurisdiction for the maintenance of domestic peace even in labor disputes under the jurisdiction of the National Labor Relations Board, and may enjoin threats and acts of violence and serious breaches of the peace and public disorders lead-

ing to acts of violence. *Terrizzi Bev. Co. v. Local Union No. 830,* supra, p. 385; *Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union of America,* 393 Pa. 385, 143 A. 2d 354 (1958); *Wortex Mills, Inc. v. Textile Workers Union of America, CIO,* 369 Pa. 359, 85 A. 2d 851 (1952).

In *Smith's Transfer Corporation v. Voice of Teamsters Democratic Organizing Committee,* 409 Pa. 217, 185 A. 2d 563 (1962), we affirmed the grant of injunctive relief in the form of a preliminary injunction to enjoin improper acts breaching the peace even though the merits of the dispute involved were within the exclusive jurisdiction of the National Labor Relations Board.[2]

We have examined the record and the evidence in the record and the conclusions of the chancellor are sufficient to sustain the finding of violence.

In spite of the violence found by the chancellor, the order issued was too broad. The order forbade all picketing, and as such prevents the Union from exercising its right to pursue lawful picketing by peaceful methods. *Wilkes Sportswear, Inc. v. International Ladies' Garment Workers' Union,* 380 Pa. 164, 110 A. 2d 418 (1955). The blanket injunction went beyond that which was necessary to prevent the conduct which the chancellor found improper. Parties cannot be enjoined from peaceful and lawful picketing but may only be enjoined to prevent violence. Cases supra.

The blocking of the entrance to the shopping center, which prevented free access to business not connected with the labor dispute gave rise to the violence charged. Thus, the order and injunction should have limited the union to peaceful picketing in front of the Foodarama and forbidden picketing in the driveway of the park-

---

[2] We modified the order of the chancellor ordering reinstatement of certain employees as a matter within the exclusive jurisdiction of the National Labor Relations Board.

ing lot. The picketing in the rear of the Foodarama is within the scope of peaceful picketing and the order should have permitted this picketing to continue. The order was too broad and will be modified, permitting peaceful picketing at the front and rear of the Foodarama.

The decree as modified is affirmed, each party to bear own costs. The motion to quash is denied.

Mr. Justice COHEN dissents.