## Weis Markets Inc. v. Local 195, AFL-CIO

*Sidney Apfelbaum, Jackson & Lewis* and *Windolph, Burkholder & Hartman* for plaintiff.

*Marshall M. Cohen,* for defendant.

JOHNSTONE, J., May 29, 1964.—The complaint in this action in equity, alleging that defendants, through their officers, servants, agents and employes and other individuals, have unlawfully trespassed on plaintiff's premises situated on the west side of South Broad Street in the Borough of Lititz, Lancaster County, by conducting picketing activities on the porch of its store and on its parking lot, was filed on January 22, 1964. On the same day a rule was granted on defendants to show cause why a preliminary injunction should not issue and a hearing on the rule was fixed for February 12, 1964.

After a hearing, which both parties stipulated should be considered as a final hearing, the court issued a preliminary injunction restraining defendants from engaging in any picketing activities on plaintiff's premises but permitting peaceful picketing on the public sidewalk along the public street in front of the plaintiff's premises. Preliminary objections have since been filed in which the jurisdiction of this court is questioned by virtue of the provisions of the National Labor Relations Act, 29 U. S. C. A. § 151, et seq. and the Pennsylvania Labor Anti-Injunction Act, 43 PS §206a, et seq. Argument has been heard by the court en banc.

Ordinarily if defendants' preliminary objections were to be overruled, they would be granted leave to file an answer, or, if sustained, plaintiff would be permitted to file an amended complaint. In this case where the record is complete by stipulation of the parties, no useful purpose would be served by granting the defend-

ants leave to file an answer or the plaintiff leave to file an amended complaint. We will, therefore, dispose of the question raised by the completed record since the parties have in effect waived their right to file an answer or an amended complaint. . . .

## Discussion

The right of defendants to picket plaintiff's store in a peaceful manner is not questioned. Nor is there any intimation that defendants' picketing has been anything but peaceful. The sole question to be determined is whether this court has the authority, under the circumstances here existing, to restrain defendants from picketing on the plaintiff's property.

Defendants argue that since a labor dispute exists or is arguably present, exclusive jurisdiction to grant relief for the conduct complained of is vested in the National Labor Relations Board and that the Pennsylvania Labor Anti-Injunction Act divests this court of jurisdiction to enjoin defendants' conduct. No good purpose would be served for us to review and analyze the many cases concerned with the law of labor relations since that has been so well done by Chief Justice Bell in City Line Open Hearth, Inc. v. Hotel, Motel & Club Employees' Union, 413 Pa. 420.

We were not requested to and did not restrain defendants from engaging in picketing on public property, only on the private property of the plaintiff. The Supreme Court of the United States in Thornhill v. Alabama, 310 U. S. 88, stated at page 105, "The power and duty of the state to take adequate steps to preserve the peace and to protect the privacy, the lives and the property of its residents cannot be doubted." If the porch or covered sidewalk and the parking lot in front of plaintiff's store building is in fact private property, then plaintiff is entitled to our protection from those, including a labor union, who would deprive it of its right to the free use of its property.

The precise question raised by this record has not been decided in Pennsylvania. Defendants argue that the Supreme Court in Great Leopard Market Corp., Inc. v. Amalgamated Meat Cutters and Butcher Workmen of North America, 413 Pa. 143, has by inference placed its stamp of approval on the conduct of picketing activities on private property. In that case, lawful picketing in a peaceful manner was permitted in front of the plaintiff's store located in a shopping center, but picketing at the entrance to the shopping center was enjoined. The question of picketing on private property was not raised, considered or decided in the Great Leopard case.

Jurisdictions other than Pennsylvania, Michigan, Washington and California, have determined that shopping centers are quasi-public places and have recognized the right of unions to picket in such places, just as our Supreme Court did in the Great Leopard case. In the present case we are not concerned with a shopping center but with a single store located on plaintiff's property. Defendants argue that plaintiff has invited the public generally to enter upon its property and that plaintiff's property has the same aspects as a shopping center. The fault in this argument is that plaintiff has invited the public to enter upon its property, park their automobiles and shop in the store. There is no direct or implied invitation to anyone to enter upon the property for the purpose of driving prospective customers away. In fact, there was a notice posted in a prominent place forbidding the distribution of literature.

Defendants readily admit that they have no right to engage in picketing activities inside plaintiff's store. This is true because picketing inside the store would in effect be a seizure of plaintiff's private property. Picketing anywhere else on plaintiff's property would be no less a seizure than if done inside the building:

Bloomsburg Mills, Inc. v. Local Union No. 667, CIO, Textile Workers of America, 78 D. & C. 549. If defendants were to be permitted on plaintiff's property for peaceful picketing purposes, it would be no different than to claim that a civil rights group had the right to hold a demonstration or a rally on plaintiff's property, or a political rally, or a religious service, or a dance, or an athletic contest, or any other public gathering. In our judgment its rights of private property were not relinquished or destroyed when plaintiff constructed its store and paved the remainder of its land for a parking area. Simply stated, it is our opinion that no one has a right to go on plaintiff's property except those who it invites, specifically or by implication, and defendants were not only not invited but were requested to leave.

Defendants argue that they cannot effectively get their message to the public if they are required to carry on their picketing on the public sidewalk 300 feet from plaintiff's store. It may be true that defendants' picketing may not be as effective if conducted on the public sidewalk as it would be at the store entrance but in our opinion any slight disadvantage that may result to the defendants is far outweighed by the right of plaintiff to be secure in the free use of its property. Defendants' picketing is for a lawful purpose but is being conducted in an unlawful manner on the private property of the plaintiff and can and should be restrained: Wortex Mills, Inc. v. Textile Workers Union of America, CIO 369 Pa. 359. . . .

### Decree Nisi

And now, May 29, 1964, the court enters the following decree nisi:

1. The preliminary injunction issued by this court on February 12, 1964, is made final and defendants, its agents, officers, members and employes are restrained

from engaging in any picketing activities on the premises of plaintiff in the Borough of Lititz, Pa., including the porch or covered walk immediately in front of the building and the parking lot, but defendants are not restrained from peaceful picketing on the public sidewalk along the public street in front of the plaintiff's property.

2. Notice of the filing of this decree nisi shall be given by the prothonotary to all parties in interest and unless exceptions hereto are filed within 20 days, this decree nisi shall be entered by the prothonotary as of course as a final decree.

3. The costs of this proceeding shall be paid by the defendants.